Fboessbl, ,7.
Implicated in a burglary by the confession of an accomplice, defendant was brought to police headquarters for questioning at about 1:30 a.m. on May 3, 1956. He was thereafter questioned intermittently from about 1:50 a.m. until about 4:00 a.m., when, according to Sergeant Curran, he stated he would ‘‘ like to tell * * * the truth but I don’t want to *455 get another fellow involved, he’s got a wife and kids ”, referring to a codefendant. He added: ‘ ‘ Give me a little time to think it over.” At about 9:30 a.m. he saw the detective sergeant, confessed orally and said he was willing to make a written statement. This statement was then taken down by two other detectives and signed by defendant sometime between 11:00 a.m. and noon, when he was formally placed under arrest. He was not arraigned until 10:00 a.m. the following day, although the Arraignment Court was open from 10:00 a.m., May 3d, throughout the day.
Notwithstanding that the delay in arraignment until May 4th violated the provisions of section 165 of the Code of Criminal Procedure, it is clear that defendant’s confession was not made during the period of illegal detention. The defendant did not testify. There is no evidence in this record suggesting that the confession was a product of coercion, threats or beatings, or in any other wise indicating that the unlawful detention had any bearing on the securing of the confession. The illegality of defendant’s detention does not retroactively change the circumstances under which he made the disclosures. It was, therefore, not error for the trial court to refuse to charge as a matter of law that the delay in arraigning defendant was unnecessary.
The judgment appealed from should be affirmed.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Van Vookeiis and Burke concur.
Judgment affirmed.